UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :    Criminal No. 3:00CR217(EBB) |
| CHARLES B. SPADONI | : |

RULING ON DEFENDANT'S SECOND MOTION FOR RELEASE PENDING APPEAL

Pending before the Court in this criminal case is the second motion of the defendant, Charles B. Spadoni ("Spadoni"), for release pending appeal. Previously, on October 18, 2011, this Court denied Spadoni's initial motion for release. Thereafter, on November 9, 2011, the Second Circuit also denied the motion he filed in that court. Spadoni now asserts that new and different grounds than those he raised in his initial motion exist which justify his release during the pendency of his appeal. The government opposes the motion. It claims that: (1) because Spadoni's appeal is fully briefed and pending before the Second Circuit, this Court does not have jurisdiction to consider his motion for release; (2) even if the Court had jurisdiction, for practical reasons the Second Circuit is in a better position to evaluate the merits of his motion; and (3) Spadoni has again failed to raise a substantial issue that is likely to result in reversal of his conviction or a new trial.

For the following reasons, Spadoni's second motion for release pending appeal [docs. # # 1068 & 1071] is denied.

As a preliminary matter, the Court finds that it has jurisdiction over Spadoni's motion even though his appeal is pending in the court of appeals and both this Court and the court of appeals previously denied his initial motions for release. United States v. Rodriguez, 50 F.

Supp.2d 717, 719 (N.D. Ohio 1999).

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over "those aspects of the case involved in the appeal." Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985). But the filing of an appeal does not render a district court powerless to decide matters in aid of the appeal or those pertaining to a defendant's custody. United States v. Krzyske, 857 F.2d 1089, 1090-91 (6th Cir. 1988); United States v. Black, 543 F.2d 35, 36 (7th Cir. 1976). Simply put, a district court is not divested of jurisdiction to issue orders concerning custody or release of a defendant while his conviction is on appeal. Cf. United States v. Hochevar, 214 F.3d 342, 344 (2d Cir. 2000).

Nonetheless, when a defendant moves for bail after his appeal has been fully briefed, a court of appeals may, as in this instance, be in a better position to assess the merits and likely outcome of the appeal and the merits of the arguments for release. See id. That said, on review of the merits of Spadoni's motion, the Court finds he has not raised a substantial issue warranting his release pending the outcome of his appeal.

As this Court previously concluded, it again it finds no merit to Spadoni's claim that the government has engaged in additional outrageous misconduct in its asserted use of allegedly incriminating information it obtained pursuant to a proffer agreement. His claim that the purported new instance of governmental misconduct constitutes a prejudicial breach of his proffer agreement warranting dismissal of the indictment has no legal or factual support and simply does not present a substantial question that is likely to prevail in the court of appeals. Spadoni has not even presented a "close question" let alone one that could very well be decided in his favor, nor has he raised an issue that is integral to the merits of his conviction.

2

## CONCLUSION

For the foregoing reasons, as well as for the reasons the Court gave in its denial of his initial motion for release pending appeal, Spadoni's second motion for release pending appeal [docs. # #1068 & 1071] is DENIED.

SO ORDERED.

_____/s/_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this  3rd  day of April, 2012 at New Haven, Connecticut.